# UNITED STATES DISTRICT COURT
## for the

Sean Midgette
_____
*Petitioner*

v.

Warden N'Diaye
_____
*Respondent*
(name of warden or authorized person having custody of petitioner)

Case No. _____
*(Supplied by Clerk of Court)*

**RECEIVED**

MAY 0 3 2021

AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Sean Midgette
   (b) Other names you have used:

2. Place of confinement:
   (a) Name of institution: FCI Fort Dix
   (b) Address: PO Box 2000, Joint Base MDL, NJ 08640
   (c) Your identification number: 58714-037

3. Are you currently being held on orders by:
   ☒ Federal authorities   ☐ State authorities   ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you: United States District Court for the District of Maryland; Greenbelt, MD
      (b) Docket number of criminal case: 8-15-cr-00281
      (c) Date of sentencing: 7/18/16
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other (explain): _____

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: FCI Fort Dix, Joint Base MDL, NJ 08640
   (b) Docket number, case number, or opinion number: _____
   (c) Decision or action you are challenging (for disciplinary proceedings, specify the penalties imposed): Warden N'Diaye, through Case Manager White is denying application of Earned Time Credits pursuant to §3582(d)(4)(A)
   (d) Date of the decision or action: April 1, 2021

### Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☐ Yes    ☒ No
   (a) If "Yes," provide:
      (1) Name of the authority, agency, or court: N/A
      (2) Date of filing: N/A
      (3) Docket number, case number, or opinion number: N/A
      (4) Result: N/A
      (5) Date of result: N/A
      (6) Issues raised:

   (b) If you answered "No," explain why you did not appeal: The question Petitioner raises regards statutory language exempt from the administrative grievance process.

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☐ Yes    ☒ No

    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court:   N/A

        (2) Date of filing:   N/A
        (3) Docket number, case number, or opinion number:   N/A
        (4) Result:   N/A
        (5) Date of result:   N/A
        (6) Issues raised:   N/A

    (b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**
    After the second appeal, did you file a third appeal to a higher authority, agency, or court?
    ☐ Yes         ☒ No
    (a) If "Yes," provide:
        (1) Name of the authority, agency, or court:   N/A

        (2) Date of filing:   N/A
        (3) Docket number, case number, or opinion number:   N/A
        (4) Result:   N/A
        (5) Date of result:   N/A
        (6) Issues raised:   N/A

    (b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**
    In this petition, are you challenging the validity of your conviction or sentence as imposed?
    ☐ Yes         ☒ No
    If "Yes," answer the following:
    (a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
        ☐ Yes         ☐ No

If "Yes," provide:
(1) Name of court: _____
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes            ☒ No

If "Yes," provide:
(1) Name of court:
(2) Case number: _____
(3) Date of filing: _____
(4) Result: _____
(5) Date of result: _____
(6) Issues raised: _____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

_____
_____
_____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes            ☒ No

If "Yes," provide:
(a) Date you were taken into immigration custody: _____
(b) Date of the removal or reinstatement order: _____
(c) Did you file an appeal with the Board of Immigration Appeals?
    ☐ Yes            ☐ No

If "Yes," provide:
(1) Date of filing:
(2) Case number:
(3) Result:
(4) Date of result:
(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?
☐ Yes    ☒ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
☐ Yes    ☒ No
If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:

(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Warden N'Diaye, as represented by Case Manager White, has violated §3632(d)(4)(A) by not applying Earned Time Credits to Petitioner's sentence computation

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
See Petitioner's Sworn Affidavit

(b) Did you present Ground One in all appeals that were available to you?
☐ Yes    N/A    ☐ No

**GROUND TWO:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
N/A

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes    ☐ No

**GROUND THREE:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
N/A

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes    ☐ No

**GROUND FOUR:** N/A

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
N/A

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes   ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: N/A

## Request for Relief
PURSUANT 28 U.S.C. § 2243

15. State exactly what you want the court to do: I am requesting as stated in Federal Statute at 2243 under Title 28 U.S.C., as follows:

    1. THAT: This Court shall forthwith award the Writ of habeas corpus discharge based upon my Application and Petition supported by my sworn Affidavit, therewith releasing me from the incarceration portion of the USDC's judgment sentence to the Supervised Release custody of the judgment sentence.

    2. OR: Issue a show cause Order to named Immediate Custodian commanding named Immediate Custodian to make the return within three days, unless more time is needed but not to exceed 20 days, of the record Certifying the true cause of citizen Sean Midgette's detention.

    3. THAT: Where named Immediate Custodian's return fail or refuse to present the record Certifying the true case of citizen Sean Midgette's detention and/or admit or acquiesce to citizen Sean Midgette's sworn Affidavit material facts now before this Court, that citizen Sean Midgette be Ordered discharged by the Writ from all further custody of named Immediate Custodian to the Supervised Release term of the USDC's judgment sentence.

    4. THAT: This Court issue any further relief in this matter as law and justice require.

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: __4/19/21__          ___Sean Midgette___
                                              Signature of Petitioner

                           _____
                           Signature of Attorney or other authorized person, if any

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Sean Midgette,
    Petitioner Pro Se,

v.                         Case No.:

Warden N'Diaye,
    Respondent.

MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S PETITION
FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241

NOW COMES pro se Petitioner Sean Midgette (Midgette) who respectfully submits this Memorandum of Law in support of his Writ for Habeas Corpus pursuant to 28 U.S.C. §2241.

## Relevant Information

The Respondent's denial of Petitioner's request that Earned Time Credits pursuant to §3632(d)(4)(A) be applied to his prison sentence computation, as represented through the actions of Case Manager S. White and Unit Manager K. Byrd, violate the Intent of Congress when it passed the First Step Act (18 U.S.C. §3632, hereafter referred to as The Act). Respondent's denial of said request also defied this Court's recent opinions in Goodman v. Ortiz, No. 20-7582(RMB) and Hare v. Ortiz, No. 20-14093.

As stated in Petitioner's attached Sworn Affidavit, on March 15, 2021 inmate Sean Midgette requested Earned Time Credits be applied to his sentence computation due to his participation in the Residential Drug Abuse Program (RDAP). This request was submitted to Midgette's Case Manager, S. White via BP-A148.055,

1

commonly called an Inmate Request to Staff (seen in Exhibit 5 of Sworn Affidavit). At this time, Case Manager White was made aware of this court's recent decisions in Goodman and Hare.

Case Manager White took 14-days to respond to Midgette's request, denying said request on March 30, 2021, stating: "Earned Time Credits will be awarded by January 15, 2022, two years after completing the risk and needs assessment."

This response was a direct contradiction to the Goodman decision. Midgette appealed his denial to his Unit Manager, K. Byrd on April 1, 2021, who gave the same reasoning for denial.

### Legal Precedence for Petitioner's Writ of Habeas Corpus

On June 15, 2020, pro se Petitioner Aryeh Goodman filed a Writ of Habeas Corpus Petition under 28 U.S.C. §2241 due to FCI Fort Dix, as represented by then Warden David Ortiz's refusal to apply Earned Time credits to Goodman's sentence computation after he successfully completed evidence-based recidivism reduction programs approved for Earned Time credit by the Bureau of Prisons (BOP) as provided by the First Step Act. After considering Respondent's arguments this Court found for Goodman, stating in its opinion:

> The BOP's position that a prisoner can complete the PATTERN program before January 15, 2022 with no benefit to the prisoner is contrary to the statutory language, not to mention the unfairness of such a result (pg. 6).

This Court awarded Goodman 120-days of Earned Time credits. It then reaffirmed the Goodman opinion in Hare v. Ortiz, No. 20-14093.

## Exhaustion of Administrative Remedies

Petitioner disputes Respondent's construction of statute §3632. This dispute over statutory language and intent is therefore exempt from the requirement that Midgette exhaust his administrative remedies (see Coleman v. U.S. Parole Comm'n, 644 F. Appx 159, 162 (3d Cir. 2016) and Harris v. Mann, 792 F.2d 52, 54 n.2 (3d Cir. 1986)).

## Statutory Construction of The Act

A federal agency such as the BOP, may only use its discretion in implementing a law when the statute is ambiguous or the Intent of Congress is unknown. However, in this matter, the statute is not ambiguous and this Court, in ruling on Goodman, has already provided the BOP with a clear interpretation of its responsibility under The Act. For the sake of discussion, Petitioner reiterates that 18 U.S.C. §3621(h)(2) allows for a phase-in period between the time the PATTERN program went into effect until January 15, 2022. However, §3621 subsection (h)(3) gives priority to inmates based on proximity to release date. As this Court found, the phase-in language of §3621(h)(2) purposefully ensures all prisoners have the opportunity to participate in needed recidivism reduction programs.

Regarding whether the BOP is required to grant Earned Time Credits to Midgette, Petitioner once again returns to this Court's opinion in Goodman, "Thus, by making it a priority to provide the programs to prisons based on proximity to their

release dates, the statute makes it clear that prisoners who earned sufficient time credits <u>during the phase-in period</u> could be released prior to the end-date..." (emphasis is this Court's). There is no ambiguity of the statute's meaning or in this Court's ruling.

## Comparison of Midgette and Goodman

Like Goodman, Midgette participated in and completed evidence-based recidivism reduction programming after January 15, 2020. In Midgette's case he completed the much vaunted 500-hour RDAP, graduating on April 17, 2020. He then chose to remain in the RDAP housing unit, continuing to program and serve as a Mentor and "Big Brother" until late September, 2020. Like Goodman, Midgette was denied Earned Time Credits for his program participation. But unlike Goodman, Midgette's Case Manager and Unit Manager were aware of this Court's ruling in both <u>Goodman</u> and <u>Hare</u> and chose to ignore them. In fact, Case Manager White's justification of her denial to Midgette's request directly contradicted the stated opinion of this Court, though she had been given the case as part of Midgette's request.

## Conclusion

As of the date of this filing, Midgette's projected release date is July 13, 2022. He is currently awaiting RRC placement projected on or around December, 2021. In upholding the standard established in <u>Goodman</u> and affirmed in <u>Hare</u> this Court should order the BOP, through its officers Case Manager White and Unit Manager Byrd, to award Midgette 90-days of Earned Time Credits,

4

revising his release date to April 13, 2022.

Respectfully submitted,

Dated: 4/19/21

*Sean Midgette*
Sean Midgette
Reg. No. 58714-037
FCI Fort Dix
PO Box 2000
Joint Base MDL, NJ 08640

## Certificate of Service

Mr. Midgette has filed this motion via the prison Mail Box Rule under Houston v. Lack, 478 U.S. 266 (1988) on 4/28/21.

Please electronically submit a copy to the United States Attorney for the District of New Jersey due to the fact that during the COVID-19 pandemic inmates do not have access to the physical Law Library where the addresses for U.S. Attorneys are held.

*Sean Midgette*
Sean Midgette

5